July 18, 2005

Paul S. Hollander, Esquire
Okin, Hollander & DeLuca, L.L.P.
One Parker Place
Fort Lee, New Jersey 07024

Richard L. Epling, Esquire
Pillsbury Winthrop LLP
1540 Broadway
New York, New York 10036

Carol Ann Slocum, Esquire
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
457 Haddonfield Road - Suite 510
Cherry Hill, New Jersey 08002

           Re:  Congoleum Corporation, et al
               Case No. 03-51524
               Motion for Reconsideration
               Document #2596

Counselors:

  On July 5, 2005, this court reserved decision on the Debtors' motion for reconsideration of the court's June 6, 2005 decision denying their motion for disbursement of $6,091,247.31. After considering the papers and oral argument, the court will grant the motion for reconsideration.

  Overall, motions for reconsideration under Rule 59(e) and LBR 9013-1(h) should be granted sparingly. <u>Chicosky v. Presbyterian Med. Center</u>, 979 F. Supp. 316 (D.N.J. 1997). Nonetheless, "the

court should keep an open mind, and should not hesitate to grant the motion if necessary to prevent manifest injustice or clear error." Klee v. Lehigh Valley Hospital, 1998 WL 966011 (E.D. Pa. Nov. 30, 1998), *aff'd*, 203 F.3d 817 (3d Cir. 1994).  In this instance, the court is granting reconsideration because it misunderstood how the Debtors arrived at the figure they were requesting.  *See*, In re Armstrong Store Fixtures Corp, 139 B.R. 347 (Bankr. W.D. Pa. 1992)(citations omitted)("A motion to reconsider is appropriate where the court has misapprehended [] a party's position ....").

The court's confusion, as well as that of several of the Insurers, arose because the motion failed to explain lucidly the interaction between the Liberty Mutual Settlement Agreement, the Superceding Security Agreement and the Fifth Modified Plan.  The court will assume that the lack of clarity that plagued both the initial motion and the motion for reconsideration was not carelessness, but rather the result of the Debtors' assumption that all concerned are as familiar with the interplay between the various documents as the Debtors are.

Under the terms of the Liberty Settlement Agreement, the Debtors were entitled to be reimbursed for asbestos settlement and defense costs.  Debtors have documented in excess of $9.4 million of such costs.  Accordingly, if the Liberty Settlement Agreement were the only document at issue the Debtors would be entitled to the entire $9.4 million.  However, the Debtors also entered into a Superceding Security Agreement that provides that the Collateral Trustee was granted a security in any insurance proceeds net of coverage litigation expenses.  The Debtors have documented approximately $12.1 million in coverage expenses.  Arthur Pergament, the Collateral Trustee, has certified that the Collateral Trust does not have a security interest in any of the Liberty Settlement Proceeds up to at least $12,091,247.31.  *Pergament Cert. at ¶ 6*.  So based on those two documents, the Debtors would still be entitled to the entire $9.4

million. The conceptual difficulty arises because the Debtors have chosen to apply an agreement contained in their Fifth Modified Plan to this request as well. Pursuant to the Fifth Modified Plan, the Debtors will not seek recovery of the first $6 million of coverage action fees and expenses. Since the money the Debtors are requesting in this application cannot be coverage action expenses (or it would violate the Liberty Settlement Agreement) the applicability of that provision in the Fifth Amended Plan is not clear. The confusion is magnified by statements by the Debtors that they "are seeking the $6,091,247.31 spent on the **Coverage Action**." *Debtors' Motion for Reconsideration at 4*. Despite the Debtors' imprecise use of terminology, the court has concluded that since the proposal comports with both the Liberty Settlement Agreement and the Superceding Security Agreement, the Debtors' decision to also apply the limitations contained in the Fifth Amended Plan is not fatal to the application.

Therefore, the court will grant reconsideration and allow the release of the funds requested because they are below the $9.4 million in documented asbestos expenses and are not subject to the lien in favor of the Collateral Trust. The court acknowledges the reservation of rights placed on the record by several of the Insurers; this decision is not a ruling on anything beyond this request for the release of the Liberty Settlement Funds.

_____
KATHRYN C. FERGUSON, USBJ
US Bankruptcy Court