NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

_____
In re:                              :    Bankruptcy Case No. 03-51524
                                    :    Jointly Administered
CONGOLEUM CORPORATION, et al.,      :    Chapter 11
                                    :
     Debtors and Debtors-in-Possession :  Hearing Date: July 9, 2007
_____:    Document Number: 5563


**MEMORANDUM OPINION**

**DEBTORS' OMNIBUS OBJECTION TO SETTLED ASBESTOS PERSONAL INJURY CLAIMS OF ALL QUALIFIED PRE-PETITION SETTLEMENT CLAIMANTS AND ALL QUALIFIED PARTICIPATING CLAIMANTS**

On July 9, 2007, this Court took oral argument on the Debtors' Omnibus Objection to Settled Asbestos Personal Injury Claims of All Qualified Pre-Petition Settlement Claimants and All Qualified Participating Claimants. This opinion resolves that motion.

Debtors seek two alternate forms of relief. In Point One, Debtors ask this Court to find that as a result of Judge Stroumtsos's May 18, 2007 decision in the coverage action, that the Class 2 and Class 3 Claimants no longer retain viable tort claims with recourse to Congoleum and as a result, their claims should be expunged in the bankruptcy case. Alternatively, in Point Two the Debtors ask this court to find that as a result of the decision in the state court as well as this Court's February 2007 summary judgment decision, that there has been a substantial frustration of the fundamental purposes of the agreements that gave rise to these claims. As a result, the Pre-Petition Settlement Agreements, the Claimant Agreement, and the related Security Agreement and Collateral Trust Agreement should be rescinded.

Point Two seeks equitable relief in the form of recision of various agreements. The Bankruptcy Rules provide that a request for equitable relief must be brought by adversary proceeding. *Bankr. R. Pro.* 7001(7). Point One seeks what can best be described as a declaratory judgment regarding the import of the state court's decision. That form of relief is not directly covered by Rule 7001, however, it is akin to many of the other forms of relief that the Rules require be brought by adversary proceeding. *Cf.* Rule 3007 ("If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding). Therefore, the Court is going to decline to hear these issues as part of an objection to claims, and require that an adversary proceeding be filed.

Insistence on strict compliance with the Federal Rules is more than a procedural nicety. The relief the Debtors are requesting is significant, and the Court wants to ensure that any decision is rendered in the proper procedural framework. On a more fundamental level, bankruptcy courts, like other federal courts, are courts of limited jurisdiction. Bowles v. Russell, – U.S. –, 127 S. Ct. 2360 (2007) Accordingly, a federal court must be vigilant in ensuring that it has jurisdiction over the parties before it. Debtors suggest that the filing of this objection to claims was sufficient to apprise all of the claimants of the relief sought against them. Whether that is true or not, it still does not address whether this Court has proper jurisdiction over the claimants. As has been readily acknowledged, the majority of the claimants have not filed a proof of claim in this case, so they have not directly submitted themselves to the jurisdiction of this court. It was suggested at oral argument that all that needed to be done is set a claims bar date, but as matters stand now no claims bar date has been requested and no proofs of claim have been filed. Alternatively, it was suggested that this claims objection is procedurally proper because the Debtors listed all of these claims on their schedules. Bankruptcy Rule 3003(b)(2) dispenses with the necessity of filing a proof of claim in a Chapter 11 case so long as the claim is not scheduled as disputed, contingent, or unliquidated. That Rule does not pertain here because it is aimed at establishing the validity and amount of claims. This objection seeks the polar opposite result. Also, that Rule does not address the Court's jurisdictional concerns. Requiring these issues to be heard in the context of an adversary proceeding will ensure both that the Court has proper jurisdiction over the claimants and that their due process rights are protected.

The Court will take this opportunity to address a few other matters that arose in the context of the motion. At oral argument, Debtors' counsel stated that the purpose of Point One of the motion

3

was to determine the "bankruptcy status" of the claims. While the legal status of the Class 2 and Class 3 claims may be up in the air after the state court's decision, their "bankruptcy status" should be clear after this Court's summary judgment opinion. In that opinion, this Court addressed the equality of treatment demanded by § 524(g). For a plan to be confirmable it must propose equal treatment for all similarly situated asbestos claims. Given the reasoning of the summary judgment opinion, it should be clear that the Court regards all pre-judgment asbestos claims as similarly situated. The only proper criterion for differentiating between the pre-judgment claims is their disease level.

A pre-petition judgment is another matter; once a judgment is entered that judgment is *res judicata* as to the existence and amount of the claim. Thus, a claim based on a final judgment is not similarly situated to a claim that had not yet been fully adjudicated.

As far as the Court is aware, none of the Class 2 and 3 claimants in this case had obtained a final judgment as to both liability and damages. Certain objectors emphasize the fact that some claimants had pre-petition damages verdicts in their favor; however, a damages verdict without a finding of liability is meaningless. While it may prove a useful tool for the parties in positioning themselves for settlement, it is an inchoate ruling that only gains any legal significance upon a finding of liability. Whether it was advisable for the Debtors to settle those cases before a finding of liability is immaterial to a § 524(g) analysis. As this court noted: "The legal character of these claims is the same for those cases that were on the eve of trial and those that may arise in the future: they are personal injury claims based on alleged exposure to asbestos contained in Congoleum products." *Summary judgment opinion on Tenth Modified Plan* at 20.

At oral argument, Certain Respondents' counsel argued that <u>Combustion Engineering</u> would be satisfied if the Class 2 claimants were simply paid at the same rate, *i.e.,* percentage, as the other asbestos creditors. That result would address only half of the "similar treatment" requirement of both <u>Combustion Engineering</u> and the Bankruptcy Code. Similarly situated claims must receive the same percentage distribution, but the amount of similarly situated claims must also be fixed using the same standards and criteria. The Certain Respondents' argument that only the percentage distribution need be the same springs from an incorrect reading of this Court's summary judgment opinion and does not comport with this Court's interpretation of <u>Combustion Engineering</u> and § 524(g). If the Court were to accept the argument advanced by the settling creditors, similarly situated creditors could, for example, be entitled to a similar percentage distribution based on entirely different disease matrices. No future creditor could receive anything resembling similar treatment to the Class 2 claimants, a result this Court has already rejected.[1]

Accordingly, the Court will deny the motion with the standard order. This ruling is without prejudice to the Debtors' right to bring an adversary proceeding.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

Dated: July 27, 2007

---

[1] "Under that logic it would be impossible for any future tort claims to receive equal treatment; a result expressly prohibited by § 524(g)(2)(B)(ii)(V)." *Summary judgment opinion on Tenth Modified Plan* at 21.