NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case No. 03-51524 |
| | : | Jointly Administered |
| CONGOLEUM CORPORATION, et al., | : | Chapter 11 |
| | : | |
| Debtors and Debtors-in-Possession | : | Hearing Date: November 5, 2007 |
| | : | Document Number: 5834 |

## MEMORANDUM OPINION

### MOTION OF THE OFFICIAL COMMITTEE OF BONDHOLDERS OF CONGOLEUM CORPORATION, *ET AL.*, FOR AN ORDER (I)ESTABLISHING A DATE FOR FILING PROOFS OF CLAIM, AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

APPEARANCES:

Pillsbury Winthrop, Shaw, Pittman
Richard Epling, Esq.
Kerry Brennan, Esq.
John Pritchard, Esq.
1540 Broadway
New York, New York 10036
Attorneys for the Debtors

Okin, Hollander & DeLuca, L.L.P.
Gregory Kinoian, Esquire
One Parker Plaza
Fort Lee, New Jersey 07024
Attorneys for the Debtors

Connell, Foley, LLP
Stephen V. Falanga, Esq.
85 Livingston Avenue
Roseland, New Jersey 07068
Attorney for Travelers Insurance Co.,
The Travelers Indemnity Co., and Travelers Casualty and Surety Co.

Simpson, Thacher & Bartlett
Katherine McLendon, Esq.
425 Lexington Avenue
New York, New York 10017
Attorney for Travelers Insurance Co.,The Travelers Indemnity Co., and
Travelers Casualty and Surety Co.

O'Melveny & Myers, LLP
Barbara Alameda, Esq.
Times Square Tower
7 Times Square
New York, New York 10036
Attorney for Century Indemnity, ACE American Insurance

Otterbourg, Steindler, Houston & Rosen, PC
Melissa Hager, Esq.
230 Park Avenue
New York, New York 10169
Attorney for Wachovia Bank

Goldstein Isaacson
Nancy Isaacson, Esq.
100 Morris Avenue
Springfield, New Jersey 07081
Attorney for Official Unsecured Asbestos Claimant's Committee

Seward & Kissel, LLP
Laurie Binder, Esq.
One Battery Park Plaza
New York, New York 10004
Attorney for Employers Insurance of Wausau

Caplin & Drysdale
Ronald E. Reinsel, Esq.
1 Thomas Circle
Washington, D.C. 20005
Attorney for Asbestos Personal Injury Claimants' Committee

Orrick, Herrington, & Sutcliffe
Jonathan P. Guy, Esq.
1512 15th Street, N.W.
Washington, D.C. 20007
Attorney for Future Claimants' Representative

Teich Groh
Michael Zindler, Esq.
691 Route 33
Trenton, New Jersey 08619
Attorney for Official Bondholders Committee

Stutzman, Bromberg, Esserman & Plifka
Van Hooker, Esq.
2323 Bryan Street #2200
Dallas, Texas 75201
Attorney for Certain Defendants

Stark & Stark
Jeffrey S. Posta, Esq.
993 Lenox Drive
Princeton, New Jersey 08543
Attorney for Campbell, Harrison, et al.

Akin, Gump, Strauss, Hauer & Feld
Michael Stamer, Esq.
Michele Roberts, Esq.
590 Madison Avenue
New York, New York 10022
Attorneys for Official Committee of Unsecured Bondholders

Akin, Gump, Strauss, Hauer & Feld
James Savin, Esq.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20030
Attorneys for Official Committee of Unsecured Bondholders

**THE HONORABLE KATHRYN C. FERGUSON, U.S.B.J.**

On November 5, 2007, this Court took oral argument on the motion of the Official Committee of Bondholders of Congoleum Corporation ("Bondholders") for an order (I) establishing a date for filing proofs of claim, and (II) approving the form and manner of notice thereof.[1] This opinion resolves that motion.

In support of it's motion, the Bondholders argue that establishing a claims bar date will identify the scope of valid current claims, will provide the Bondholders with the information necessary to evaluate the pending Future Claimants Representative's ("FCR") Plan, and, at a minimum, will establish the approximate scope of all known current asbestos and non-asbestos related claims. The Bondholders also contend that the proposed procedures will (1) preserve the Debtors' estates by setting up a process pursuant to which all parties will - for the first time - know the scope of the Debtors' liabilities and be able to develop a fair and equitable plan of reorganization, (2) protect the rights of the holders of valid Asbestos Claims and non-asbestos claims, and (3) provide for the efficient administration of the bar date process. Lastly, the Bondholders assert that a specialized proof of claim form is warranted in this case due to the type of information sought.

In response to the Bondholders' motion, Century Indemnity Company ("Century") filed a limited objection. Century notes that on September 20, 2006, this Court approved a settlement agreement between Century and the Debtors, which was subsequently approved by the District Court. Century further notes that the following provision was included in said settlement agreement:

> "The debtors shall not seek to set a bar date or take such other action

---

[1] Traveler's Casualty and Surety Company, formerly known as The Aetna Casualty and Surety Company ("Travelers") and St. Paul Fire and Marine Insurance Company ("St. Paul") agree with the Bondholders that setting a bar date is warranted.

> as would have the cause or effect of releasing any Claims that were or could have been brought by the Century Entities in the Chapter 11 Cases, including any claim for substantial contribution, before the First Payment Date."

*See* Congoleum/Century Settlement Agreement, Section IV.J, Docket # 4439, Exhibit A. As such, Century requests that it be excused from complying with any imposition of a bar date and suggests that the following language be added to any order approving a bar date:

> The Century Entities (as defined in the Congoleum/Century Settlement Agreement) shall be excused from having to comply with any bar date set by this Order; provided, however, that the Bondholders preserve the right to make application in the future upon a showing of good cause and necessity for the Century Entities to have to submit a proof of claim and the Century Entities shall have notice and an opportunity to be heard regarding such application.

*See* Century opposition, p. 3, Docket # 5902. As to the merits of the instant motion, however, Century does not take a position.

The Future Claimants' Representative ("FCR") also filed opposition to the Bondholders' motion. First, the FCR argues that imposing a bar date will not facilitate the Debtors' reorganization, as the proof of claim form is neither simple nor straightforward and, therefore, is certain to generate intense and costly litigation. Secondly, the FCR contends that the imposition of a bar date is a discretionary matter left to the Bankruptcy Court. The FCR notes that in asbestos cases in particular, personal injury claims are not liquidated in bankruptcy but are subsequently resolved by a trust established under a plan of reorganization pursuant to 11 U.S.C. § 524(g). Furthermore, the FCR suggests that if any party wishes to understand the approximate number and amount of present and future asbestos claims, then they can ask to conduct an estimation analysis. Next, the FCR argues that the bar date proposal violates due process in that failure to include certain information in the lengthy customized proof of claim form will lead to a claim being automatically barred even if

5

timely filed. The FCR also notes that the 60-day window that the Bondholders are suggesting in order for potential claimants to receive and then complete and file a proof of claim is a short period of time considering the scope and amount of information sought. Lastly, the FCR argues that because there is no fixed date by which an "Asbestos Claim" must have accrued in order to be barred, a person who is exposed but not diagnosed until after the bar date may well be barred, since no contingent claim would likely have been filed. Furthermore, the subsequent discovery of a malignancy does not permit the filing of a new claim under the Bondholders' proposed process.

The Unsecured Asbestos Claimants' Committee ("ACC") also filed a response to the instant motion.[2] In addition to echoing the objections of the FCR, the ACC maintains that the Bondholders' "specialized" proof of claim is really a "procedurally improper, unilaterally imposed, grossly over-broad and burdensome discovery device that is designed, in the first instance, to perfunctorily 'disallow' masses of individual claim for procedural and clerical 'errors' or to entirely discourage the filing of claims due to the inability or burden imposed to comply with its onerous demands." *See* ACC response, p. 15, Docket # 5906. Furthermore, the ACC contends that it would be impractical and unnecessary for the Court and parties to undertake the tens of thousands of individual jury trials

---

[2] Certain respondents join in and adopt the position of the ACC. Those respondents are the law firms representing claimants as listed on the following referenced exhibits to the Third Amended Complaint in that certain adversary proceeding pending herein entitled Congoleum Corporation v. Arthur J. Pergament, et al.; Case No. 05-6245: (I) Belluck & Fox, LLP (Exhibit 3); (ii) Brayton Purcell, LLP (Exhibit 5); (iii) David M. Lipman, L.P. (Exhibit 10); (iv) Heard, Robins, Cloud & Lubel, LLP (Exhibit 12); (v) Hissey, Kientz, & Herron, PLLC (Exhibit 13); (vi) Motley Rice, LLC (Exhibit 19); (vii) SimmonsCooper, LLC (Exhibit 30); (viii) Weitz & Luxenberg, P.C. (Exhibit 32); (ix) Baron & Budd, P.C. (Exhibit 39); (x) Brent Coon & Associates (Exhibit 41); (xi) The David Law Firm (Exhibit 49); (xii) Early, Ludwick, Sweeny & Strauss (Exhibit 51); (xiii) Kazan, McClain, Abrams, Fernandez, Lyons, & Farrise, PC (Exhibit 61); (xiv) The Law Office of G. Patterson Keahey, P.C. (Exhibit 64); (xv) The Law Offices of Peter G. Angelos (Exhibit 69); (xvi) Morris, Sakalarios & Blackwell (Exhibit 76); (xvii) Norris & Phelps, PLLC (Exhibit 77). (xviii) Provost & Umphrey Law Firm, LLP (Exhibit 81); (xix) The Shein Law Center (Exhibit 83); (xx) Thornton & Naumes, LLP, (Exhibit 86); (xxi) Waters & Kraus, LLP (Exhibit 88); and (xxii) Wilentz, Goldman & Spitzer, PC (Exhibit 90).

necessary to adjudicate objections to the individual claims that would be solicited by the Bondholders' process.

In response to the Bondholders' motion, the Debtors request that in order to promote certain settlements with insurance companies, any order entered by the Court establishing a bar date should exclude those carriers. The Debtors also want to ensure that in the event the Court sets a bar date, certain claimants who held claims that were previously disallowed or withdrawn with prejudice need not be notified of the order.

In reply to the objections raised, the Bondholders essentially rehash the arguments put forth in their moving papers. Again, the Bondholders maintain that setting a bar date will streamline the process of determining the validity of claims. The crux of the Bondholders' assertions is that setting a bar date will create a more efficient process of dealing with claims.

Bankruptcy Rule 3003 outlines the requirements for filing a proof of claim in a bankruptcy case. Specifically, Bankruptcy Rule 3003(c)(3) states:

> (3) Time for filing
>
> The court shall fix **and for cause shown may extend** the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions states in Rule 3002(c)(2), (c)(3), and (c)(4).

Bankr. R. P. 3003(c)(3). Indeed, the above language suggests that setting a bar date is not mandatory. In that regard, the Court is persuaded by the analysis set forth in In re Eagle-Picher Industries, Inc., et al., 137 B.R. 679 (Bankr. S.D. Ohio 1992). In Eagle-Picher, also a Chapter 11 asbestos liability case, the debtors requested that the court set a bar date by which proofs of claim for asbestos claimants had to be filed. Id. Similar to the case at bar, the movant (debtors) in Eagle-Picher argued that a bar date is (1) necessary to establish the universe of present claims; (2) would

be of assistance in weeding out frivolous claims; (3) would be beneficial to debtors in that it will assure them a discharge with respect to at least a substantial portion of asbestos claims; and (4) would provide greater certainty [to the parties involved]. Id. at 681.

In its analysis, the court noted that "while such bar dates are commonly set in Chapter 11 cases, upon good cause shown the court may dispense with one in a given case." Id. at 680. The court went on to state the following:

> A bar date in a Chapter 11 case is by no means an absolute, as the court may extend the bar date "for cause shown," Bankr. 3003(c)(3), a matter left to the sound discretion of the bankruptcy court. Reid v. White Motor Corp., 886 F.2d 1462, 1472 n.14 (6th Cir. 1989), *cert. denied*, 494 U.S. 1080, 110 S. Ct. 1809, 108 L. Ed. 2d 939 (1990)...
>
> We consider that [Bankruptcy Rule 3003(c)(3)] sets up something in the nature of a presumption that a bar date will be set, but, as is the case with a presumption, it may be overcome by a persuasive showing.

Id. at 680-681. In light of the foregoing, this Court is satisfied that it has the discretion to either set or decline to set a bar date for proofs of claim.

In rendering its decision, the Eagle-Picher court also found that it had to balance certain equities. Specifically, the court commented on the Injury Claimants' Committee's argument that no bar date should be set because a bar date would cause deserving claimants to lose out. Id. at 681-682. As to that argument, the court held:

> The objectives of finality and fixing the universe of claims permeate the law of bankruptcy, and in achieving those ends, the setting of a bar date is no more unfair, assuming reasonable notice, than is a statute of limitations, a finality concept firmly embedded in our legal system generally. Tort claimants can have their right to pursue their claims foreclosed if they fail to take action before the expiration of a statute of limitations. It is no more unfair to require that they here take action before expiration of the bar date.

Id. To that end, the court weighed the equities in favor of setting a bar date.

While the Court agrees with Eagle-Picher in that the setting of a bar date is discretionary, factual differences exist with respect to whether such a date should be set in the instant matter. As a practical matter, the Bondholders' 24-page proposed proof of claim demands production of an overwhelming amount of information, which would effectually be over burdensome to the potential claimants. For example, the Bondholders' "specialized" form requests such information as full social security numbers, life-long employment histories, information concerning non-asbestos related diseases, detailed medical histories, as well as transcript and discovery from other proceedings. Allowing such a detailed and cumbersome request would be inequitable to the claimants to the extent not counterbalanced by the desire to streamline claims.

Moreover, the potential filing of thousands of proofs of claim will likely defeat the interests of judicial economy. The filing of a proof of claim triggers § 502 of the Bankruptcy Code, which states in part:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, **unless a party in interest**, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, **objects.**
>
> (B) Except as provided in subsections (e)(2), (f), (g), (h) and (I) of this section, **if such objection to a claim is made, the court, after notice and a hearing**, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount. . .

11 U.S.C. § 501(a) and (b). In light of the potentially large number of claims in this case, therefore, if a bar date is set it is likely that the Court will face a staggering volume of hearings upon objection of a particular claim.

If the Bondholders are truly concerned with the scope of asbestos claims, specifically with

9

respect to balloting under the FCR's proposed plan, those concerns are best alleviated through estimation procedures initiated on a claim by claim basis. As the court accurately noted in In re FRG, Inc., 121 B.R. 451, 456 (Bankr. E.D.P.A. 1990), "[t]he estimation process is merely a microcosm of the ordinary claims-determination process." Furthermore, if the Court were to confirm a § 524(g) plan and issue a channeling injunction, both the Bondholders' and the Debtors' concerns would be alleviated by channeling asbestos-related claims to a personal injury trust, thus relieving the uncertainty of future asbestos liabilities.

In light of the foregoing, the Court finds that in balancing the equities the imposition of a bar date for proofs of claim is inappropriate at this juncture. Therefore, Bondholders' motion is denied in its entirety. An order denying the motion will be entered by the Court.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

Dated: February 4, 2008